UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-695-FDW

| WADE DAVIS WILLIAMS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| GASTON COUNTY JAIL, | ) | |
| GASTON COUNTY JAIL STAFF OFFICERS, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e). (Doc. No. 1). On January 16, 2015, the Clerk entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc No. 5).

**I.  BACKGROUND**

Pro se Plaintiff Wade Davis Williams is a pre-trial detainee currently incarcerated at Gaston County Jail in Gastonia, North Carolina. Plaintiff filed this action on December 12, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff complains that the jail does not sell the type of comb that Plaintiff needs for his coarse hair, such as a pick or "afro comb." (Doc. No. 1 at 4). Plaintiff complains that the type of comb he is forced to use gives his head scratches and sores. (Id.). Plaintiff seeks, among other things, compensatory damages and an order from the Court requiring the jail to provide inmates with the type of comb that Plaintiff wants.[1]

**II.  STANDARD OF REVIEW**

---

[1] The Court notes that, in response to Plaintiff's written grievance dated December 9, 2014, jail officials noted that they "added a palm brush on 1/15/15" and that the jail was "looking into other combs for commissary." (Doc. No. 6 at 1).

1

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

For the following reasons, the Court will dismiss this action without prejudice. The two named Defendants in this action are the "Gaston County Jail" and "Gaston County Jail Staff Officers." First, the Gaston County Jail is not a distinct legal entity capable of being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b). Additionally, as to Defendant "Gaston County Jail Staff Officers," using the term "jail staff officers" or the equivalent as a name for alleged defendants, without naming specific officers, is not adequate to state a claim against a "person" as required in § 1983 actions. Accord Barnes v. Baskerville Corr. Ctr. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Therefore, this action must be dismissed. The dismissal will be without prejudice so that Plaintiff may refile his claim against persons or entities capable of being sued in a Section 1983 action. This Court further notifies Plaintiff, however, that the allegations in their current form are not likely to survive an initial review by this Court, as they do not appear to state a claim for a violation of a federal right.

### IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

Signed: January 26, 2015

Frank D. Whitney
Chief United States District Judge